**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| POWERLINE INNOVATIONS, LLC, <br>     *Plaintiff*, <br>               v. <br> (1) SHARP CORPORATION; <br> (2) SHARP ELECTRONICS CORPORATION; <br> (3) BELKIN INTERNATIONAL, INC.; <br> (4) CISCO SYSTEMS, INC.; <br> (5) CISCO TECHNOLOGY, INC.; <br> (6) NETGEAR, INC.; <br> (7) D-LINK CORPORATION; <br> (8) D-LINK SYSTEMS, INCORPORATED; <br> (9) ZYXEL COMMUNICATIONS CORPORATION; <br> (10) ZYXEL COMMUNICATIONS, INC.; <br> (11) BILLION ELECTRIC CO., LTD.; <br> (12) BEC TECHNOLOGIES INC.; <br> (13) GIGAFAST E LTD.; <br> (14) TP-LINK TECHNOLOGIES CO., LTD.; <br> (15) TP-LINK USA CORPORATION; <br> (16) TRENDNET, INC.; and <br> (17) MONSTER CABLE PRODUCTS, INC., <br>     *Defendants*. | Civil Action No. 6:11-cv-410 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Powerline Innovations, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Sharp Corporation, Sharp Electronics Corporation, Belkin International, Inc., Cisco Systems, Inc., Cisco Technology, Inc., NETGEAR, Inc., D-Link Corporation, D-Link Systems, Incorporated, ZyXEL Communications Corporation, ZyXEL Communications, Inc., Billion Electric Co., Ltd., BEC Technologies Inc., GigaFast E Ltd., TP-LINK Technologies Co., Ltd., TP-LINK USA Corporation, TRENDnet, Inc., and Monster Cable Products, Inc. (individually, a "Defendant" and collectively, the "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,471,190 titled "Method and Apparatus for Resource Allocation in a Communication Network System" (the "'190 Patent"), a copy of which is attached hereto as Exhibit A). Plaintiff is the assignee of the '190 Patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 555 Republic Drive, Suite 200, Plano, TX 75074. Plaintiff is authorized to do business in Texas. Plaintiff is the assignee of the '190 Patent, and possesses the right to sue for infringement and recover past damages.

3. On information and belief, Defendant Sharp Corporation ("Sharp") is a Delaware corporation with its principal place of business at 22-22 Hagaike-cho, Abeno-ku, Osaka, 545-8522, Japan. This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

4. On information and belief, Defendant Sharp Electronics Corporation ("Sharp Electronics") is a New York corporation and subsidiary of Sharp with its principal place of business at Sharp Plaza, Mahwah, NJ 07495. This Defendant has appointed C T Corporation System, 111 Eight Avenue, New York, NY 10011, as its agent for service of process.

5. On information and belief, Defendant Belkin International, Inc. ("Belkin") is a Delaware corporation with its principal place of business at 12045 E. Waterfront Drive, Playa

Vista, CA 90094. This Defendant has appointed National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, DE 19904, as its agent for service of process.

6. On information and belief, Defendant Cisco Systems, Inc. ("Cisco") is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, CA 95134-1706. This Defendant has appointed CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833, as its agent for service of process.

7. On information and belief, Defendant Cisco Technology, Inc. ("Cisco Technology") is a subsidiary of Cisco and a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, CA 95134-1706. This Defendant has appointed CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833, as its agent for service of process.

8. On information and belief, Defendant NETGEAR, Inc. ("NETGEAR") is a Delaware corporation with its principal place of business at 350 East Plumeria Drive, San Jose, CA 95134. This Defendant has appointed Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19901, as its agent for service of process.

9. On information and belief, Defendant D-Link Corporation ("D-Link") is a Taiwanese corporation with its principal place of business at 4F, No. 289 Sinhu 3rd Rd., Neihu District, Taipei, Taiwan. On information and belief, this Defendant may be served at 4F, No. 289 Sinhu 3rd Road, Neihu District, Taipei, Taiwan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

10. On information and belief, Defendant D-Link Systems, Incorporated ("D-Link Systems") is a subsidiary of D-Link and a California corporation with its principal place of business at 17595 Mt. Herman Street, Fountain Valley, CA 92708. This Defendant has

appointed Brett Adair, 17595 Mt. Herman Street, Fountain Valley, CA 92708, as its agent for service of process.

11. On information and belief, Defendant ZyXEL Communications Corporation ("ZyXEL") is a Taiwanese corporation with its principal place of business at No. 6, Innovation Rd., II Science Park, Hsinchu, 300, Taiwan. On information and belief, this Defendant may be served at No. 6, Innovation Rd., II Science Park, Hsinchu, 300, Taiwan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

12. On information and belief, Defendant ZyXEL Communications, Inc. ("ZyXEL USA") is a California corporation with its principal place of business at 1130 North Miller Street, Anaheim, CA 92806-2001. This Defendant has appointed Jeremy Chou, 1130 North Miller Street, Anaheim, CA 92806-2001, as its agent for service of process.

13. On information and belief, Defendant Billion Electric Co., Ltd. ("Billion") is a Taiwanese corporation with its principal place of business at Floor 8, No. 192, Sec. 2, Chung Hsin Road, Hsin-tien Dist., New Taipei City 231, Taiwan, R.O.C. On information and belief, this Defendant may be served at Floor 8, No. 192, Sec. 2, Chung Hsin Road, Hsin-tien Dist., New Taipei City 231, Taiwan, R.O.C, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

14. On information and belief, Defendant BEC Technologies Inc. ("BEC") is a subsidiary of Billion and a California corporation with its principal place of business at 1500 Precision Drive, Suite 100, Plano, TX 75074. This Defendant has appointed Jonathan Lin, 9350 Flair Drive # 289, El Monte, CA 91731, as its agent for service of process.

15. On information and belief, Defendant GigaFast E Ltd. ("GigaFast") is a Taiwanese corporation with its principal place of business at 14F, No.112, Sec. 1, Sintai 5th Road Sijhih City, Taipei County, Taiwan 22102. On information and belief, this Defendant may be served at its U.S. location at 2033 Gateway Place, Suite 500, San Jose, CA 95110, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

16. On information and belief, Defendant TP-LINK Technologies Co., Ltd. ("TP-LINK") is a Chinese corporation with its principal place of business at South Building, No. 5 Keyuan Road, Central Zone, Science & Technology Park, Nanshan, Shenzhen, P. R. China Postcode: 518057. On information and belief, this Defendant may be served at South Building, No. 5 Keyuan Road, Central Zone, Science & Technology Park, Nanshan, Shenzhen, P. R. China Postcode: 518057, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

17. On information and belief, Defendant TP-LINK USA Corporation ("TP-LINK USA") is a subsidiary of TP-LINK and a California corporation with its principal place of business at 117 North Sunset Avenue, City of Industry, CA 91744. This Defendant has appointed Feng Xu, 117 North Sunset Avenue, City of Industry, CA 91744, as its agent for service of process.

18. On information and belief, Defendant TRENDnet, Inc. ("TRENDnet") is a California corporation with its principal place of business 21151 South Western Avenue #119, Torrance, CA 90501. This Defendant has appointed John Sy, 362 West Garvey Avenue, CA 91754, as its agent for service of process.

19. On information and belief, Defendant Monster Cable Products, Inc. ("Monster") is a California corporation with its principal place of business at 455 Valley Drive, Brisbane, CA 94005. This Defendant has appointed David Tognotti, 455 Valley Drive, Brisbane, CA 94005, as its agent for service of process.

## JURISDICTION AND VENUE

20. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

21. The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from each Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

22. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant

solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use and have used the respective Defendants' products and services in the State of Texas and in the Eastern District of Texas.

23. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

24. The '190 Patent was duly and legally issued by the United States Patent and Trademark Office on November 28, 1995, after full and fair examination. Plaintiff is the assignee of the '190 Patent, and possesses all rights of recovery under the '190 Patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

25. Upon information and belief, Defendants Sharp and Sharp Electronics have infringed and continue to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) these Defendants' products, including, without limitation, Model HN-VA401SU PowerLine Ethernet Adapter Kit products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

26. Upon information and belief, Defendant Belkin has infringed and continues to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) this Defendant's products, including, without limitation, VideoLink 3 Powerline Internet Adapter products, which employ methods for establishing control

relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

27. Upon information and belief, Defendants Cisco and Cisco Technology have infringed and continue to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) these Defendants' products, including, without limitation Powerline AV-4Port Network Adapter, Model PLS300 products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

28. Upon information and belief, Defendant NETGEAR has infringed and continues to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) this Defendant's products, including, without limitation, Powerline AV Ethernet Adapter, Model XAV101 products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

29. Upon information and belief, Defendants D-Link and D-Link Systems have infringed and continue to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) these Defendants' products, including, without limitation DHP-500AV Powerline AV 500 Adapter products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

30. Upon information and belief, Defendants ZyXEL and ZyXEL USA have infringed and continue to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) these Defendants' products, including, without limitation, 200 Mbps HomePlug AV Coaxial Adapter, Model PLA-402 products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

31. Upon information and belief, Defendants Billion and BEC have infringed and continue to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) these Defendants' products, including, without limitation, Powerline 500M / Homeplug AV Wall Plug Gigabit Ethernet Adapter, Model BiPAC2075 products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

32. Upon information and belief, Defendant GigaFast has infringed and continues to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) this Defendant's products, including, without limitation, GigaFast HomePlug AV mini Ethernet Bridge, Model PE959-EB products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

33. Upon information and belief, Defendants TP-LINK and TP-LINK USA have infringed and continue to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) these Defendants' products, including, without limitation, AV200 Mini Powerline Adapter Starter Kit, Model TL-PA211 products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

34. Upon information and belief, Defendant TRENDnet has infringed and continues to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) this Defendant's products, including, without limitation, 500Mbps Powerline AV Adapter Kit, Model TPL-402E2K products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

35. Upon information and belief, Defendant Monster has infringed and continues to infringe one or more claims of the '190 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by making, using, providing, offering to sell, and selling (directly or through intermediaries) this Defendant's products, including, without limitation, Digital Life™ PowerNet™ 300 with Clean Power products, which employ methods for establishing control relationships between plural devices in a home electrical system covered by one or more claims of the '190 Patent to the injury of Plaintiff.

36. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

37. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

38. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '190 Patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of its actions, which is the time of filing of Plaintiff's Original Complaint, at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

E. Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: August 6, 2011 By: /s/ Hao Ni
Hao Ni
TX State Bar No. 24047205
**NI LAW FIRM, PLLC**
3102 Maple Avenue, Suite 400
Dallas, TX 75201
Telephone: (214) 800-2208
Facsimile: (214) 800-2209
hni@nilawfirm.com

**ATTORNEY FOR PLAINTIFF
POWERLINE INNOVATIONS, LLC**